**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**TAMRA CRAWFORD**, *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

    Plaintiffs,

v.

NO. 2:19-cv-2812

**SMX, LLC,** d/b/a
**STAFF MANAGEMENT/SMX,**
*an Illinois Limited Liability Company,*

    Defendant.

**FLSA COLLECTIVE ACTION**

**JURY DEMANDED**

---

### ORIGINAL COLLECTIVE ACTION COMPLAINT
---

Named Representative Plaintiff Tamra Crawford (herein "Plaintiff") on behalf of herself, individually, and on behalf of herself and all others similarly situated, files this Collective Action Complaint, averring as follows:

1. Plaintiff Crawford brings this collective action against SMX, LLC, d/b/a Staff Management/SMX, ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201. *et. seq*. ("FLSA") on behalf of herself, individually, and on behalf of herself and all current and former similarly situated non-exempt recruiters of Defendant. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, and attorney's fees owed to her and all other similarly situated employees, who have worked as non-exempt recruiters at any of Defendant's recruiting offices/staffing centers in the United States within the three (3) years preceding the filing of this action.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28. U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district, was employed by and performed work for Defendant in this district and, Defendant has conducted business within this district during all relevant times. In addition, a substantial part of the events, actions, commissions, inactions, and omissions giving rise to this action occurred within this district.

## PARTIES

4. Plaintiff Crawford has been employed by Defendant as a non-exempt recruiter in Memphis, Shelby County, Tennessee at all times relevant to this action. Plaintiff Crawford's Consent to Join this collective action is attached hereto as *Exhibit A*.

5. Defendant SMX, LLC, d/b/a Staff Management/SMX, is an Illinois limited liability company and a leading staffing company with recruiting offices throughout the United States. Defendant has conducted business in Memphis, Shelby County, Tennessee at all times relevant to this action. Defendant's principal offices are located in Chicago, Illinois. Defendant's registered agent for service of process is Corporation Service Company located at 2908 Poston Ave., Nashville, TN 37203-1312.

## FACTUAL BASIS FOR SUIT

6. Defendant has operated recruiting offices relative to its staffing services in Memphis, Tennessee and other locations throughout the U.S. at all times relevant to this action.

7. Defendant has been an "employer" of Plaintiff and others similarly situated within the meaning of the FLSA during all times material to this lawsuit.

8. Plaintiff Crawford was employed by Defendant as a non-exempt recruiter at one or more of its recruiting offices in Memphis, Tennessee during all times relevant to this action.

9. Defendant's Memphis operations primarily focus on providing staffing services for a Nike Distribution Center.

10. Plaintiff and other similarly situated recruiters have been "employees" of Defendant as defined by the FLSA and have performed work within the territory of the United States within the three (3) years preceding the filing of this collective action.

11. The principal job duty of Plaintiff and those similarly situated during such period was to recruit employees as temporary staffing for local businesses, primarily Nike.

12. Defendant has been an enterprise engaged in commerce and the production of goods as defined by the FLSA, with annual revenues in excess of $500,000.00. Plaintiff and other similarly situated recruiters also have engaged in commerce and the production of goods for commerce within the three (3) years preceding the filing of this action.

13. Defendant has had a common compensation plan, policy, and practice of paying its recruiters only for work activities during scheduled shift time periods and not for the actual amount of compensable time worked.

14. As part of its common compensation and time keeping policy and practices, Defendant required Plaintiff and similarly situated recruiters to perform integral and indispensable job duties during times outside of their scheduled shift, including during unpaid meal breaks, within weekly pay periods during all times relevant to this collective action.

15. Consequently, Plaintiff's work time outside of the scheduled shift time was not recorded into Defendant's system for payroll purposes, nor was she compensated at the applicable FLSA overtime rates of pay for hours over 40 within weekly pay periods for such "off-the-clock" work, during all times material to this action.

16. More specifically, Plaintiff and others similarly situated recruiters have been required to "boot-up" their assigned computers, among other preliminary tasks, as part of their job duties during which period they are not compensated because this occurred prior to their scheduled shift time.

17. Defendant also had a common plan, policy, and practice of inducing, expecting, and/or suffering and permitting, Plaintiff and other similarly situated recruiters to perform job duties prior to their scheduled shifts, during unpaid meal breaks, and after their scheduled shifts, including such job-related tasks as making copies of interviewing and testing documents, retrieving supplies from "the back" needed for interviewing and testing potential recruits, reviewing paperwork related to their interviewing and testing duties, preparing their work station for interviewing and testing potential recruits, checking I-9 documents, etc.

18. Defendant also has had a common compensation and time keeping plan, policy, and practice of essentially automatically "clocking-out" Plaintiff and other similarly situated recruiters for daily one-hour meal breaks by instructing recruiters to write down that they took a full one-hour meal period whether or not they did.

19. However, Plaintiff and other similarly situated recruiters were not relieved of all their job duties during such meal periods to freely enjoy their unpaid lunch period time within weekly pay periods during all times material to this action. (Unrelieved job duties during such unpaid meal periods consisted of, *inter alia*, extended interviews and conferences with recruits and potential recruits that began before the beginning of the unpaid meal periods and interruptions by supervisors who discussed work-related issues with Plaintiff and those similarly situated during their unpaid meal periods).

20. Defendant maintained strict weekly recruit quotas that required Plaintiff and other similarly situated recruiters to perform duties outside of their regularly scheduled shifts and during their unpaid meal breaks.

21. As a result, Plaintiff and other similarly situated recruiters have not been compensated for such unrelieved "off-the-clock" job duties during such unpaid meal periods at the applicable FLSA overtime compensation rates of pay for hours in excess of forty (40) per week within weekly pay periods during all times material to this action.

22. The aforementioned "off-the-clock" work performed by Plaintiff and other similarly situated recruiters was necessary to carry out their integral and indispensable job duties and responsibilities.

23. Considering the aforementioned "off-the-clock" work times of Plaintiff and other similarly situated recruiters were not recorded, Defendant has failed to accurately record all of their employees' hours worked as well as failed to keep proper time records of Plaintiff and others similarly situated employees, as required by the FLSA.

24. Defendant knew and was aware at all relevant times that it was not recording the aforementioned "off-the-clock" work time of Plaintiff and other similarly situated recruiters.

25. Although Defendant knew and was aware that such "off-the-clock" time was not being recorded and that Plaintiff and others similarly situated were not paid for such "off-the-clock" work, it failed to take any affirmative action to ensure they were paid for all such compensable time.

26. Moreover, Defendant failed to provide Plaintiff and other similarly situated recruiters with any viable or practical means or mechanisms to record their aforementioned "off-the-clock" work time because Plaintiff and other similarly situated recruiters were told

they would only be paid for their shift time excluding one (1) hour deducted as a meal break.

27. Defendant knew its common compensation plans, policies, and practices would require its management and supervisory personnel to work Plaintiff and class members "off-the-clock" as part of their required job duties.

28. As a result of Defendant's willful failure to pay Plaintiff and class members the applicable FLSA overtime compensation for the aforementioned "off-the-clock" hours over forty (40) per week within weekly pay periods during all times material, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

29. The net effect of Defendant's common plan, policy, and practice of not paying Plaintiff and class members for all work performed, including all overtime work performed, was a scheme to save payroll cost and payroll taxes for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiff and class members.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this case as a collective action on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other damages against Defendant.

31. The proposed collective class of similarly situated persons is defined as:

> All current and/or former FLSA non-exempt recruiters of Defendant who performed "off-the-clock" work at any of Defendant's recruiting offices located in the United States within the three (3) years preceding the filing of this action though the close of the Court-determined opt-in period and who file a consent to join this action. ("Class members")

32. Plaintiff seeks to pursue her unpaid "off-the-clock" wage claims, as hereinbefore described, against Defendant on behalf of herself, individually, and on behalf of herself and all class members.

33. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a common compensation and time keeping plan, policy, and practice that resulted in a failure to pay Plaintiff and the class members for all overtime hours worked, as required by the FLSA.

34. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for defendant, place a substantial and unnecessary burden on the courts, and/or substantially impair the ability of class members to protect their interests.

35. Plaintiff Crawford will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendant's unlawful compensation and time keeping plan, policy, and practice of failing to pay her and class members the applicable FLSA straight time and overtime compensation rates of pay for their aforementioned "off-the-clock" work time.

36. Counsel for Plaintiff will adequately protect her interests as well as the interests of the class members.

37. Defendant has required Plaintiff and the collective class to work "off-the-clock" in excess of forty (40) hours per week within weekly pay periods during all times relevant without being compensated at the applicable FLSA overtime compensation rates of pay in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

38. Defendant knew Plaintiff and the collective class performed work that required additional overtime compensation to be paid. Nonetheless, it operated under the aforementioned common compensation and time keeping plan, policy, and practice to deprive them of such overtime compensation as required by the FLSA.

39. The "off-the-clock" claims of Plaintiff and others similarly situated are unified by a common theory of FLSA statutory violations.

40. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the putative collective class.

41. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and the class members for all hours worked at the applicable FLSA overtime compensation rates of pay.

42. Therefore, Defendant is liable to Plaintiff and the class members under the FLSA for failing to properly compensate them for all hours worked within weekly pay periods during all relevant times herein.

43. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

44. Plaintiff estimates there are several hundred members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents. Given the composition and size of the class, members of the collective class

may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in each of Defendant's recruiting offices, nationwide.

45. Plaintiff and class members' unpaid wage claims for the aforementioned "off-the-clock" work partially can be determined by an examination of Defendant's payroll, scheduling, timekeeping, personnel, and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

46. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

47. At all relative times, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

48. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §.206(a) and 207(a).

49. At all relevant times, Defendant employed Plaintiff and each of the collective action class members consistent with the terms of the FLSA.

50. At all relevant times, Defendant was an "employer" under the FLSA.

51. At all relevant times, Plaintiff and class members were employees of Defendant within the meaning of the FLSA's overtime wage requirements.

52. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

53. As a result of Defendant's common pay practices of working Plaintiffs and class members "off-the-clock", as hereinbefore described, Plaintiff and class members were not paid overtime compensation for all hours worked in excess of forty (40) per week within weekly pay periods during all times material, as required by the FLSA.

54. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Plaintiff and class members' aforementioned "off-the-clock" claims are unified through a common theory of FLSA violations.

56. Through its actions, plans, policies, and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all actual hours worked, including all overtime hours worked.

57. The foregoing actions of Defendant violated the FLSA.

58. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

59. Defendant's aforementioned FLSA violations were not in good faith.

60. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

61. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and putative class members request the Court to enter judgment in their favor on this Complaint against Defendant and:

a) Award Plaintiff and similarly situated employees all statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid straight time and overtime wages against Defendant;

c) Award Plaintiff and similarly situated employees for an amount equal to Plaintiff's and collective class action members' unpaid back wages, pursuant to the applicable wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award pre and post-judgment interest and court costs as further allowed by law;

i) Enter an Order designating this action as an Opt-In collective action under the FLSA;

j) Enter an Order directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the federal and state claims of the class.

k) Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and,

l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: November 22, 2019                    Respectfully submitted,

*s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

**ATTORNEYS FOR PLAINTIFFS AND ON BEHALF OF OTHERS SIMILARLY SITUATED**